United States District Court
For The
District of Massachusetts

Walter D. Johnson Jr.,
    Petitioner,

vs.

Sheriff Michael J. Ashe, Jr.,
    Respondent.

Civil Action No.

**05-11569 NG**

Referred to MJ J. Dein

Petition For Writ Of Habeas Corpus
From State Custody, pursuant to
28 U.S.C. §2254

## Introduction

Now comes the petitioner, Walter D. Johnson Jr., and respectfully moves this Honorable Court to issue a Writ of Habeas Corpus of Habeas Corpus ordering his release from Hampden County Sheriff's Department & Correctional Center, 627 Randall Road, Ludlow, MA 01056. As grounds, the petitioner claims that the delays processing and delivery of the trial transcript and delays of the direct appeal from the Springfield Superior Court conviction, in 1986, in violation of federal laws and the Constitution of the United States IV + XIV. Therefore, he seeks a hearing on probable cause to determine whether his direct appeal was no more than a meaningless ritual.

## Statements of Facts

The delays of the trial transcript and direct appeal from the Springfield Superior Court conviction was over nine years. After the United States District Court, Boston ordered that the Commonwealth get the appeal back on track. The Commonwealth through newly appointed appellate attorney explained to the Massachusetts Appeals Court, that that the petitioner wanted his appeal, but the court appointed appellate counsel failed to file a brief and appendix, then, the direct appeal was dismissed for failure to prosecute. So, the Massachusetts Appeals Court ordered the petitioner's direct appeal be reinstated. The Massachusetts Appeal Court ordered the assembly of record on appeal.

The newly appointed appellate attorney visited the petitioner at the Hampden County Sheriff's Department and Correctional Center, where he disputed the petitioner's claim, the delay of the criminal trial from the time of the Holyoke Police Department Officer Daniel Fallon's arrest of him in February 1985 was over 420 days; (2) the court appointed public defenders completed their psychological coercion of him to waive his right to counsel; (3) compelled him to file motions to obtain statements in the possession of the Officer Fallon and prosecutor that caused the delay of over 420 days; (4) his stand-by-counsel requested continuance to prepare to try case was denied by trial judge; and, (5) the trial judge

forced him to proceed to trial represented soly by stand-by counsel for the Commonwealth appearances witnesses present in the courtroom could impermissible identity him without prior judicial determination of whether there was probable cause to arrest him.

Although the petitioner cooperated with the newly appointed appellate attorney as the United States District Court for the District of Massachusetts order. The new appellate attorney argued brief with appendix, had claimed the petitioner did not knowingly and willingly waive his right to counsel and that the trial judge abused discretion forcing him to proceed to trial represented only by stand-by-counsel. The appellate attorney limited the scope of the petitioner's direct appeal to the day the trial judge waived his right to counsel (a transcript of the colloquial is missing), the day stand-by-counsel was appointed and the morning delays of trial were contributed to the petitioner. At some point, the United States District Court, Boston ordered the petitioner cooperate with appellate attorney and petitioner was dismissed as moot.

In an unpublished option the Massachusetts Appeals Court reversed the criminal conviction and ordered a new trial for the petitioner. However, the State Supreme Judicial Court of Massachusetts allowed the Commonwealth further review and the conviction was affirmed

Statement of Case

The petitioner claims, on July 5, 2005 at 2:00 p.m., a Holyoke District Court Judge asked, "You don't want counsel to represent you, Mr. Johnson?" The petitioner stated that he needed an attorney. He was represented by Geri Laventis, 316 High Street, Suite 612, Holyoke, MA 01040. The Holyoke District Court judge ordered that the petitioner be held on $10,000.00 cash or $100,000.00 surity. He was ordered confined in the Hampden County Sheriff's Department and Correction Center because he was classified as a Level 3 Sex Offender with a criminal record, in violation of federal laws and the Constitution of the United States of American Amend IV + XIV

The petitioner claims, on July 3, 2005, the Holyoke Police Department Arrest Report approving Officer Daniel Fallon was the arresting officer of the petitioner in 1985. On the above date, Officer Fallon decided to approve the charges against the petitioner for threat to commit a crime (rape), assault and battery, and kidnapping on the Springfield Superior Court Certified Clerk Docket and the Hampden County Grand Jury Indictments notice to the Sex Offender Registry Board that there existed a Walter Johnson convicted in 1986.

It should be noted the Holyoke Police Department Narrative For Officer Kevin P Whalen reporting that upon check with the records bureau Walter Johnson is registered as a Level 3 Sex Offender and the Commonwealth of Massachusetts

Sex Offender Registry Board Level 3 Sex Offender-detail flyer; as well as, the Springfield Superior Court Certified Clerk Docket on the Hampden County Grand Jury Indictment notice to the Sex Offender Registry Board that there existed a Walter Johnson convicted in 1986, violated the federal laws and Constitutional Rights of the United States, Amend IX + XIV.

Therefore, the petitioner seeks a hearing on probable cause to determine whether his direct appeal from delays was no more than a meaningless ritual.

Date: July 21, 2005

Very truly yours,

*Walter W. Johnson, Jr.*
Walter D. Johnson, Jr.,
Hampden County Sheriff's
Department & Correctional
Center
627 Randal Road
Ludlow, MA 01056

Certificate of Service

I certify that on the 21st of July 2005, I caused to be served on the Clerk of Court

*Walter W. Johnson, Jr.*
Walter D. Johnson, Jr.,