United States District Court
for the
District of Massachusetts

Walter D. Johnson, Jr.,
    Petitioner,

vs.

Sheriff Michael J. Ashe, Jr.,
    Respondent

Civil Action No.

## Motion For Appointment Of Counsel

Now comes the petitioner, Walter D. Johnson, Jr., in the above entitled matter and respectfully request this Honorable Court appoint him counsel without prepayment of fees and cost.

    He states that he is indigent and confined after inordinate delays in the appellate process that withheld violations of federal laws and the Constitution of the United States of America. And should be granted appointment of counsel for a hearing on probable cause to determine whether his direct appeal was no more than a meaningless ritual.

    Therefore, the petitioner submits an Affidavit for the Appointment of Counsel.

*[signature]*
Walter D. Johnson, Jr.,
Hampden County Sheriff's Dept.
& Correctional Center
627 Randall Road
Ludlow, MA 01056

Dated: July 27, 2005

United States District Court
for the
District of Massachusetts

Walter D. Johnson, Jr.,
    Petitioner

    vs

Sheriff Michael J. Ashe, Jr.,
    Respondent

Civil Action
No.

Affidavit In Support Of Motion
For The Appointment of Counsel

I, Walter W. Johnson, Jr., declare that I am the indigent petitioner in the above entitled proceedings.

I declare that I sought attorney to represent me and was told either that the attorney doesn't take these cases involving police misconduct, the person I need to speak not available. Nothing can be done because to much times elapsed. Doesn't prosecute police officials. Would get back to me, but didn't take the outreach center phone number. Didn't want to help because I am unable to afford an attorney. This current lack of profession representation lead to me living on the street, struggling

-1-

to enforce my right to liberty, justice, and the right to pursuit happiness without an attorney committed to protecting and serving my constitutional rights forced me into poverty.

I declare that I became so depressed I was not able to get out of bed and that I am entitled to the appointment of counsel sought in the motion.

In support of this affidavit, I state the following under penalty of perjury

1. The Honorable Judge John F. Moriarty, on the day he denied me the right to counsel, he said, "You want to represent yourself." I said, "If nobody's going to represent me, I'll represent myself."

2. The delay of the trial transcript and direct appeal from the Springfield Superior Court conviction was over nine years.

3. The United States District Court ordered that the Commonwealth get the appeal back on track.

4. The Commonwealth through newly appointed appellate explained to the Massachusetts Appeals Court, that I wanted my appeal, but that my court appointed appellate counsel failed to file a brief and appendix and that's why my direct appeal was dismissed for failure to prosecute.

5. The Massachusetts Appeals Courts ordered that my direct appeal be reinstated. Massachusetts Appeals Court ordered the assembly of record on my appeal.

6. The newly appointed appellate attorney visited me at the Hampden County Sheriff's Department and Correctional Center, where he disputed my claim, that my criminal trial was delayed from the time the Holyoke Police Department Officer Daniel Fallon arrested in 1985 over 420 days.

7. He became unruly when I stated that the court appointed public defenders psychologically coerced my waiver of the right to counsel by prolonging my pre-trial incarceration.

8. Also, he seemed firmly set against the mere fact that stand-by-counsel was appointed and my public defenders having withheld statements in the possession of the Officer Fallon and prosecutor was not what compelled me to file motions to obtain them.

9. He even gave me a hard time about the trial judge, I believe denied stand-by counsel request for continuance to prepare to prepare the case in order to keep counsel from cross-examining Commonwealth witnesses with their prior statements.

10. He also did not believe me, that the trial judge forced me to proceed to trial represented solely by stand-by-counsel for the Commonwealth appearance; witnesses present in the courtroom could impremissible identify me without prior judicial determination of whether there was probable cause to arrest me.

11. I was brought to the United States District Court for the District of Massachusetts and ordered to cooperate with the newly appointed appellate attorney.

12. He argued brief with appendix that claimed I did not knowingly and voluntarily waive my right to counsel and that the trial judge abused discretion forcing me to proceed to trial represented only by stand-by-counsel)

First of all, the appellate attorney, for example, limited the scope of my direct appeal to the day the trial judge waived my right to counsel (a transcript of the colloquial is missing) because the Holyoke Police Department Officer Daniel Fallon subjected me not merely to interrogation procedures, but to face to face identification procedures in the absence of counsel for my defense at the stadion house.

-4-

Secondly, the appellate attorney limited the scope of the direct appeal, to the day start by counsel was appointed because the reality of my conducting the criminal trial set in upon reaching my jail cell that evening and that spurred me to file pro se motions... to inspect tangible evidence... and motion to obtain statements assigned attorneys withheld from me over 365 days.

Finally, the appellate attorney knew the Springfield Superior Court Clerk Docket and Hampden County Grand Jury Indictment from 1985 was no evidence a crime was committed and was based on my name alone established the instruments were insufficient to sustain conviction, as well. In the course, of course, of the trial, the trial judge prohibited reference to the face to face identification procedure at the station house and Commonwealth witnesses testified the identified me from photographs, which was different than their earlier testimony. So, the appellate attorney limited the scope of the portion of my direct appeal to the morning trial was to commence and the delays were contributed to me.

13. In an unpublished option the Massachusetts Appeals Court reversed the criminal conviction and ordered a new trial for me.

14. The United States District Court ordered my petition dismissed as moot. I filed certificate of probable cause to appeal to the United States District Court of Appeals for the District of Massachusetts. I believed that the over nine years delay of my trial transcripts and direct appeal entitled me to unconditional release from custody and reversal of the state court conviction. But, the United States District Court order and memorandum and recommendation was correct, including to dismiss my petition as moot.

15. The Commonwealth was granted further review and the Supreme Judicial Court affirmed my conviction but wondered out loud about why the appellate attorney limited the scope of my direct appeal.

16. The Springfield Superior Court Clerk Docket and Hampden County Grand Jury Indictment from March 1985 notice was sent to the Sex Offender Registry Board. I was arrested, in my University of Massachusetts Prince Dormatory room upon SORB notice to state police

-6-

to bring me as Walter D. Johnson into the Northampton District Court, January 2003, for failure to register as a sex offender (a null prosecute) where the presiding judge asked me, "Do you want counsel to represent you?" I informed the court that I wished to have counsel to represent me and I was assigned, Bar Advocate Sarah Scholey who psychologically coerced me into signing a sex offenders registration form; then, she obtained my release from custody. I was required to phone into the Northampton District Court Probation Office, weekly on Friday.

17. After my release from the arrest that lead to my appearance, my name appeared in the general newspapers. But, as a registered sex offender, I was disqualified from public and private rential housing opportunities reguardless that I could pay, which enabled SORB to notify the UMass police that I was a student and to arrest me for failure to register a change of address with it (dismissed with prejudice), I appeared as Walter D. Johnson, Jr., in the Northampton District Court with my assigned counsel, Attorney Scholey, April, 2003.

18. After failure to notify the SORB of change of address my name appeared on the campus newspaper, local and far, I was finished as a graduate student.

-7-

jobless, lost my car insurance, plates, driver license expired, excess taxes, abandon motor vehicle charges, credit card debts mounted. This conviction and sex offenders registration forced me into a city homeless shelter, where I was, of course, accused of committing the crimes. In June 2003, in front of the trial judge, Attorney Scholey stood with the prosecutor, I heard her say to me, "Walter, 'I am not going to represent you, you were your own lawyer.'" She served as the independant source, the SORB needed to identify me as the person convicted in 1986, in violation of federal laws and the Constitutional Rights of the United States of America. Amend VI and XIV.

19. On July 3, 2005 at 1625 (4:25pm,) the Holyoke Police Department Officer Daniel Fallon used the internal criminal records and the SORB notification to evolve and approve his new charges against me of kidnapping, assault and battery and threat to commit a crime (rape) because the Holyoke District Court would merely infer that the Holyok Police Officers could assume that I was the guilty party just because I was the registered sex offender.

20. On July 5, 2005, at 2:00 p.m, without my committing any of the crimes, I was brought into the Holyoke

-8-

into the Holyoke District Court, where the Judge asked me, "You don't want counsel to represent you, Mr. Johnson." I stated that I want counsel and was assigned Geri Laventis. I was ordered held on $10,000.00 cash or $100,000.00 because I am classified as a Level 3 Sex Offender.

21. I currently remain confined in the Hampden County Sheriff's Department and Correction Center because the Holyoke Police Department Arrest Report approving Officer, Daniel Fallon was my arresting officer in 1985. He decided to approve the charges against me for threat to commit a crime (rape), assault and battery, and kidnapping on the Springfield Superior Court Certified Clerk Docket and the Hampden County Grand Jury Indictment notice to the SORB that he arrested me for in 1986.

22. I believe Attorney Laventis should have clearly recognized Officer Fallon relied soly upon records bureau and the SORB notification to increase the charges he originally arrested me on in 1985.

23. I also believe the Holyoke Police Department Narrative for Officer Kevin P. Whalen reporting that upon check with the records bureau I am registered as a Level 3 Sex Offender and the Commonwealth of Massachusetts SORB Level 3 Sex Offender-detail flyer.

-9-

as well as, the Springfield Superior Court Certified Clerk Docket on the Hampden County Grand Jury Indictments not to the Sex Offender Registry Board that there existed a person like me convicted in 1986, violated the federal and the United States Constitution Amend IV & XIV.

Therefore, the inordinate and unjustifiable delays of processing and delivery of my trial transcripts and the delay of my direct appeal was to held and withhold evidence of the violations of federal laws and the United States Constitution. IV, VI, XIV. I should be granted a hearing on probable cause to determine whether my direct appeal from the Springfield Superior Court was no more than a meaningless ritual.

I declare under penalty of perjury that the above information is true and correct.

*Walter D. Johnson, Jr.*
Walter D. Johnson, Jr.,
Hampden County Sheriff's Dept.
& Correctional Center
627 Randall Road
Ludlow, MA 01056

Dated: July 27, 2005

-10-