UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WALTER D. JOHNSON, JR., | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 05-11569-MAP |
| MICHAEL J. ASHE, JR., | ) ) ) | |
| Respondent. | ) ) | |

### RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PETITION

Respondent Michael J. Ashe, Jr., the Sheriff of Hampden County, Massachusetts (the "Respondent"), hereby submits this Memorandum of Law in support of his Motion to Dismiss Petition.[1] The Amended Habeas Corpus Petition (the "Petition") filed by Petitioner Walter D. Johnson, Jr. (the "Petitioner") must be dismissed, because the Petitioner is not in custody pursuant to the judgment attacked in his Petition, his Petition should be found time-barred, and he has failed to exhaust state remedies with respect to all claims contained in his Petition.[2]

---

[1] Filed herewith is an Appendix containing documents relevant to the issue of whether the Petitioner previously exhausted state remedies, pursuant to this Court's Amended Order of September 28, 2005. The offering of such documents should not be construed as implying that the Respondent considers the Petitioner to have fully complied with the statutory exhaustion requirement. In fact, the Respondent takes a position to the contrary, as discussed herein.

[2] Since the Petition must be dismissed for the grounds stated herein, the Respondent does not address herein the merits of the Petition. Should this Court rule that the Petitioner may proceed with his habeas corpus action, the Respondent respectfully requests the opportunity to file an answer and a proposed scheduling order for the parties to brief the merits of the Petition.

## **BACKGROUND**

The Petitioner is currently incarcerated at the Hampden County Correctional Center. (Pet.) On April 2, 1985, he was arraigned in the Hampden County Superior Court (the "Superior Court") on the following charges: one count of threat to do bodily harm, in violation of M.G.L. c. 275, § 2 (Case No. 85-1224); one count of intimidation, in violation of M.G.L. c. 268, § 13B (Case No. 85-1225); one count of assault with intent to commit rape, in violation of M.G.L. c. 265, § 24 (Case No. 85-1226); one count of kidnapping, in violation of M.G.L. c. 265, § 26 (Case No. 85-1227); two counts of indecent assault and battery on an adult, in violation of M.G.L. c. 265, § 13H (Case Nos. 85-1228 and 85-1229); two counts of aggravated rape, in violation of M.G.L. c. 265, § 22(a) (Case Nos. 85-1230 and 85-1231); and two counts of assault and battery, in violation of M.G.L. c. 265, § 13A (Case Nos. 85-1232 and 85-1233). (Super. Ct. Docket Nos. 85-1224 through 85-1233.) He pled not guilty on all counts. (Id.) The Petitioner was tried in April 1986 before Superior Court Justice John F. Moriarty and a jury. (Id.) On or about April 22, 1986, he was found guilty on both counts of indecent assault and battery on an adult, and one count of each of the following: threat to do bodily harm; intimidation; assault with intent to commit rape; aggravated rape; nonaggravated rape, a lesser included offense of aggravated rape; and assault and battery. (Id.) Commonwealth v. Johnson, 424 Mass. 338, 339 n.1, 676 N.E.2d 1123, 1124 n.1 (1997).

The Petitioner was sentenced on April 24, 1986 to serve the following terms: between seven and fifteen years on the count of assault with intent to commit rape; between seven and fifteen years on the count of aggravated rape, to be served concurrently with his sentence for assault with intent to commit rape; and between seven to fifteen years on the count of

nonaggravated rape.[3]  (Super. Ct. Docket Nos. 85-1224 through 85-1233.)  The Superior Court ordered him to serve all sentences at the Massachusetts Correctional Institution at Cedar Junction, gave him credit for 427 days of time served, and waived any victim/witness fee.  (Id.)  The Petitioner's convictions for threat to do bodily harm, intimidation, indecent assault and battery on an adult, and assault and battery were placed on file with his consent.  (Id.)  Also on April 24, 1986, the Petitioner was notified of his right to appeal and filed a notice of appeal.  (Id.)

On June 6, 1986, the Petitioner filed a motion to revise and revoke his sentence pursuant to Massachusetts Rule of Criminal Procedure 29, and a supporting affidavit.  (Id.)  The Court that day treated his affidavit as a motion to revise and revoke sentence and denied it.  (Id.)  Then, on January 28, 1987, the Petitioner filed a motion for dismissal pursuant to Massachusetts Rule of Criminal Procedure 36, and a motion for a new trial pursuant to Massachusetts Rule of Criminal Procedure 30.  (Id.)  The first of these was denied on April 3, 1987.  (Id.)  The Petitioner also filed a motion for release from unlawful restraint pursuant to Massachusetts Rule of Criminal Procedure 30(a) on June 9, 1987.  (Id.; Pet'r's Mot. Release Unlawful Restraint.)

On October 25, 1988, the Petitioner filed in the Massachusetts Appeals Court (the "Appeals Court") a pro se document entitled "Appeal from Unlawful Conviction," in which he alleged that his appellate counsel had denied him his right to appellate review of his conviction. Johnson v. DiPaolo, C.A. No. 93-10769-WF, at 5 (D. Mass. filed Dec. 8, 1993) (Karol, M.J.).

---

[3] Though it is not reflected on the Superior Court Dockets, briefs filed in Massachusetts appellate courts and a Report and Recommendation concerning a prior habeas corpus action by the Petitioner indicated that all three sentences were to be served concurrently.  (Super. Ct. Docket Nos. 85-1224 through 85-1233; Pet'r's Br. to App. Ct./SJC at 4; Commonwealth's Suppl. Br. & Appendix to SJC at 2.)  Johnson v. Pepe, No. 98-CV-10863-JLT (D. Mass. filed Mar. 12, 1999) (Bowler, M.J.).

Shortly thereafter, on January 3, 1989, the Superior Court denied the Petitioner's January 28, 1987 motion for a new trial. (Super. Ct. Docket Nos. 85-1224 through 85-1233.)

Then, on January 18, 1989, the Petitioner pro se filed a petition with the Massachusetts Supreme Judicial Court (the "SJC") in which he called upon the court to use its superintendency powers to address delays in his appeal and alleged failures by his appellate counsel to prosecute that appeal. Johnson v. DiPaolo, C.A. No. 93-10769-WF, at 6 (D. Mass. filed Dec. 8, 1993) (Karol, M.J.). The SJC treated the petition as a motion under Massachusetts Rule of Criminal Procedure 30 and referred it back to the Superior Court on January 20, 1989. Id. The Petitioner then filed another, similar petition with the SJC. Id. It was treated by the court as a motion for reconsideration and denied on March 21, 1989. Id. The petition that was deemed a Rule 30 motion was ultimately dismissed by the Superior Court on March 18, 1991. Id.

In the meantime, on March 3, 1989, the Petitioner's appeal was entered on the docket of the Massachusetts Appeals Court (the "Appeals Court"). (App. Ct. Docket No. 1989-P-0271.) On August 8, 1989, however, the Appeals Court issued a notice preceding dismissal pursuant to Standing Order 17A, which provides for an appeal to be dismissed for want of prosecution where no brief has been filed by the applicable deadline. (Id.) It dismissed the appeal pursuant to Standing Order 17A on September 7 of that year. (Id.)

At that point, the Petitioner sought relief in federal court. In both 1989 and 1990, he filed petitions for a writ of habeas corpus in the United States District Court. Johnson v. DiPaolo, C.A. No. 93-10769-WF, at 1, 7 (D. Mass. filed Dec. 8, 1993) (Karol, M.J.). The writs were consolidated and dismissed on February 25, 1991 on the grounds that the Petitioner had failed to exhaust state remedies. Id. (USDC Docket No. 89-CV-02845-MLW.)

4

The Petitioner then filed a third federal habeas corpus petition in 1993. (USDC Docket No. 93-CV-10769-MLW.) Johnson v. DiPaolo, C.A. No. 93-10769-WF, at 1, 7 (D. Mass. filed Dec. 8, 1993) (Karol, M.J.). In a December 8, 1993, Report and Recommendation, United States Magistrate Judge Zachary R. Karol found that the Petitioner had failed to exhaust state remedies, but that his situation fell within one or more statutory exceptions to the exhaustion requirement. Johnson v. DiPaolo, C.A. No. 93-10769-WF, at 9-20 (D. Mass. filed Dec. 8, 1993) (Karol, M.J.). Specifically, Magistrate Judge Karol determined that inordinate delay due to the ineffectiveness of his state-appointed counsel had prevented him from pursuing his appeal. Id. He further found that, as a result, the Petitioner's due process rights had been violated. Id. at 20-21. Concluding that summary release from incarceration would be inappropriate, Magistrate Judge Karol recommended that the District Court retain jurisdiction and grant a conditional writ. Id. at 22-23. He advised that such a writ order the Commonwealth to offer the Petitioner competent appellate counsel immediately, take steps to move his appeal forward within sixty days, and then report back. Id.

United States District Judge Mark L. Wolf adopted Magistrate Judge Karol's Report and Recommendation on June 29, 1994. Johnson v. DiPaolo, C.A. No. 93-10769-MLW, at 1 (D. Mass. filed June 29, 1994). Accordingly, Judge Wolf ordered that an attorney from the Massachusetts Committee for Public Counsel Services, with the Petitioner's cooperation, take steps to move the Petitioner's direct appeal through the appellate courts of Massachusetts within sixty days. Id. at 1-2. The Petitioner's counsel was further ordered to report back to the Court at the end of that sixty-day period. Id. at 2. At that point, Judge Wolf wrote, the Court would assess the situation and possibly enter other appropriate orders, which might include an order to release the Petitioner from custody if adequate efforts had not been made. Id.

5

In light of Judge Wolf's Order, the Petitioner, through counsel, filed a motion to reinstate his appeal in the Appeals Court on November 4, 1994. (App. Ct. Docket No. 1989-P-0271.) Six days later, the Appeals Court allowed his motion and reinstated his appeal. (Id.) As a result of the Petitioner's appeal in the Massachusetts courts, his third habeas corpus petition was dismissed as moot by Judge Wolf on September 14, 1995. (USDC Docket No. 93-CV-10769.) On September 29, 1995, the Petitioner filed a notice of appeal of the District Court's judgment and a motion for a certificate of probable cause to appeal. (Id.)

On November 22, 1995, the Massachusetts Appeals Court reversed the judgment against the Petitioner and remanded the case to the Superior Court. (App. Ct. Docket No. 1989-P-0271.) Commonwealth v. Johnson, 39 Mass. App. Ct. 1116, 657 N.E.2d 246 (1995) (unpublished opinion). As a result, the Commonwealth filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") of the Appeals Court's decision with the Massachusetts Supreme Judicial Court (the "SJC") on or about December 21, 1995. (SJC Docket No. FAR-08214.)[4] The ALOFAR was allowed on February 1, 1996, and the appeal was entered on the docket of the SJC on March 26, 1996. (Id.; SJC Docket No. SJC-07178.) Commonwealth v. Johnson, 422 Mass. 1102, 661 N.E.2d 100 (1996) (table decision).

---

[4] SJC Docket No. FAR-08214 indicates that the ALOFAR was filed by the Petitioner. (SJC Docket No. FAR-08214.) This appears to be a mistake. Counsel for the Respondent has obtained a copy of an ALOFAR filed by the Commonwealth, but none filed by the Petitioner. (Commonwealth's ALOFAR.) Moreover, the Commonwealth's briefs to the SJC and the opinion ultimately issued by the SJC indicate that the ALOFAR was filed by the Commonwealth. (Commonwealth's Mem. Supp. ALOFAR at 2; Commonwealth's Suppl. Br. & Appendix to SJC at 3.) Commonwealth v. Johnson, 424 Mass. 338, 338, 676 N.E.2d 1123, 1124 (1997). The conclusion that the ALOFAR was filed by the Commonwealth is also most logical, given that the Appeals Court had rendered a decision in favor of the Petitioner and against the Commonwealth. (App. Ct. Docket No. 1989-P-0271.) Commonwealth v. Johnson, 39 Mass. App. Ct. 1116, 657 N.E.2d 246 (1995) (unpublished opinion).

6

Then, on or about September 30, 1996, the United States Court of Appeals for the First Circuit affirmed the District Court's dismissal of the Petitioner's third habeas corpus action without prejudice to his re-filing a new habeas corpus petition advancing any challenges to his conviction that had been raised in his petition but not resolved by the District Court in light of the nature of its ruling. (USDC Docket No. 93-CV-10769.)

Following that decision, the SJC, in an opinion dated March 4, 1997, affirmed the judgment against the Petitioner that had been entered in the Superior Court. (SJC Docket No. SJC-07178.) Commonwealth v. Johnson, 424 Mass. 338, 676 N.E.2d 1123 (1997).

The Petitioner filed another federal habeas corpus petition in May 1998. (USDC Docket No. 98-CV-10863-JLT.) In a Report and Recommendation dated March 12, 1999, Magistrate Judge Marianne B. Bowler recommended that his petition be dismissed with prejudice as to two improperly-named respondents, and that it be dismissed without prejudice as to the other respondents on the grounds that the Petitioner had failed to exhaust state remedies. Johnson v. Pepe, No. 98-CV-10863-JLT (D. Mass. filed Mar. 12, 1999) (Bowler, M.J.). On March 23, 1999, United States District Judge Joseph L. Tauro adopted Magistrate Judge Bowler's Report and Recommendation and dismissed the petition. Johnson v. Pepe, No. 98-CV-10863-JLT (D. Mass. filed Mar. 23, 1999). (USDC Docket No. 98-CV-10863-JLT.) The docket for that habeas corpus case reflects that the Petitioner was no longer incarcerated at the time. (USDC Docket No. 98-CV-10863-JLT.)

The Petitioner returned to confinement on or about July 5, 2005, however. At that time, he was arrested on new charges arising from events that allegedly occurred on July 3, 2005. (Criminal Compl. Case No. 0517-CR-001954.) These charges included the following: kidnapping, in violation of M.G.L. c. 265, § 26; assault and battery, in violation of M.G.L. c.

7

265, § 13A(a); and threat to commit a crime, in violation of M.G.L. c. 275, § 2. (Id.; Pet'r's Aff. Supp. Mot. Appointment Counsel at 8-9 (making reference to his "new charges" of "kidnapping, assault and battery[,] and threat to commit a crime (rape)" on July 3, 2005 and his being brought into the Holyoke District Court on July 5, 2005).) The charges of kidnapping and threat to commit a crime were nolle prossed on August 5, 2005. (Docket No. 0517-CR-001954.) As a result, the Petitioner has been confined in lieu of bail in the Hampden County Correctional Center. (Mittimus Case No. 0517-CR-001954; Pet'r's Aff. Supp. Mot. Appointment Counsel at 9.)

The Petitioner commenced this action by filing an initial habeas corpus petition in the United States District Court on July 25, 2005. His Amended Petition was filed on September 27, 2005.

## **ARGUMENT**

**I.       The Petitioner is not in custody pursuant to the conviction he challenges.**

The instant habeas corpus action must be dismissed, because the Petitioner is not currently in custody pursuant to the 1986 conviction attacked in his Petition. Title 28, Section 2254 of the United States Code authorizes a federal court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Thus, a petitioner is not entitled to seek the relief offered under that section unless he is in custody pursuant to the same conviction he attacks. See Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401 (2001) (indicating that "[t]he first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court' and concluding that petitioner could not bring habeas petition directed solely at

8

convictions for which he was no longer serving sentences); Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (stating general rule that habeas corpus statute "require[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed" and noting that "in custody" requirement is jurisdictional). Here, the sentence arising from the challenged conviction was imposed in 1986 and concluded no more than fifteen years later. (Super. Ct. Docket Nos. 85-1224 through 85-1233.) Indeed, both the docket from his 1998 federal habeas corpus action and his own filings in this action confirm that he was released from incarceration at least as early as that year. (USDC Docket No. 98-CV-10863-JLT; Pet'r's Aff. Supp. Mot. Appointment Counsel at 7-9.)

As court records and the Petitioner's own filings in this case make clear, he is now confined in the Hampden County Correctional Center on a new charge of assault and battery arising from events allegedly occurring on July 3, 2005. (Pet'r's Aff. Supp. Mot. Appointment Counsel at 8; see also Pet. ¶ 12.C; Docket No. 0517-CR-001954; Criminal Compl. Case No. 0517-CR-001954; Mittimus Case No. 0517-CR-001954.) He is therefore not "in custody" pursuant to the state judgment attacked in his Petition. Maleng, 490 U.S. at 491-92 (stating that Court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed" and that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack upon it").

The fact that the Petitioner may have been required to register as a sex offender, as suggested in his Petition, would not alter this conclusion. Compulsory registration as a sex offender has been found to constitute a collateral consequence of conviction, not a form of

9

continued custody of the type that is redressable through a habeas corpus proceeding. See, e.g., Resendiz v. Kovensky, 416 F.3d 952, 959 (9th Cir. 2005) (noting that Ninth Circuit has found sex offender registration requirements in California, Oregon, and Washington to constitute collateral effects that do not place those convicted "in custody" for habeas corpus purposes); Leslie v. Randle, 296 F.3d 518, 521-22 (6th Cir. 2002) (concluding that registration under Ohio sex offender statute did not constitute placement "in custody" under habeas corpus statute).

## II.  The Petition should be found time-barred.

The Petition should also be dismissed on the grounds that it was not filed within the limitations period applicable to habeas corpus petitions challenging state convictions. Section 2244 of Title 28 of the United States Code provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

> pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996).

Here, the judgment against the Petitioner became final on March 4, 1997, upon the SJC's affirmance of his conviction. (SJC Docket No. SJC-07178.) Commonwealth v. Johnson, 424 Mass. 338, 676 N.E.2d 1123 (1997). Thus, absent any tolling, the one-year period of limitation for the filing of his Petition commenced on June 2, 1997, upon the expiration of the ninety days afforded to him for seeking certiorari with the United States Supreme Court. See David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003) (indicating that, where petitioner's conviction has been affirmed on direct appeal, period of limitation would begin upon expiration of ninety days afforded for seeking certiorari with United States Supreme Court); cf. Clay v. United States, 537 U.S. 522, 527-32 & n.3 (2003) (holding that "[f]or the purposes of starting the clock on [28 U.S.C. § 2255's] one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction," and observing that "[t]he Courts of Appeals have uniformly interpreted 'direct review' in § 2244(d)(1)(A) to encompass review of a state conviction by [the United States Supreme Court].").

While the Petitioner did file a motion for release from unlawful restraint pursuant to Massachusetts Rule of Criminal Procedure 30(a) on June 9, 1987 that does not appear to have been acted upon by the Superior Court, that motion should not be found to have tolled the one-year limitations period. Given that it preceded the briefing and decisions on his direct appeal, the Petitioner retained the opportunity to bring any arguments that it advanced to the state's appellate courts. Indeed, it would have been reasonable for him to have done so. Any such arguments that

were not advanced in his direct appeal should be seen as having been waived. Accordingly, his filing of his initial petition in this case on July 25, 2005 should be found beyond the time afforded to him under § 2244.[5]

In light of the Petitioner's lack of timeliness, dismissal of the Petition at issue is warranted.  See, e.g., Voravongsa v. Wall, 349 F.3d 1, 8 (1st Cir. 2003) (affirming dismissal of petition that was not timely filed).

### III. The Petitioner failed to satisfy the statutory requirement that he exhaust state remedies prior to filing his Petition.

The Petitioner is also barred from pursuing this action because he failed to satisfy the statutory requirement that he exhaust state remedies prior to filing his Petition. This exhaustion requirement is codified at 28 U.S.C. § 2254, which provides in relevant part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State;  or
>
> (B)(i) there is an absence of available State corrective process;  or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>  . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

---

[5] Neither the Petitioner's prior federal habeas corpus petitions nor any appeals from the denials of such petitions should be found to have tolled the limitations period. See, e.g., Duncan v. Walker, 533 U.S. 167, 172-82 (2001) (concluding that initial federal habeas corpus petition did not toll statute of limitations, because it was not an "'application for State post-conviction or other collateral review'" (quoting 28 U.S.C. § 2244(d))).

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, Title I, § 104, 110 Stat. 1218 (effective April 24, 1996).

The exhaustion requirement is primarily designed to promote comity in our system of federalism, as the U.S. Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose v. Lundy, 455 U.S. 509, 518 (1982) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950), overruled in non-relevant part by Fay v. Noia, 372 U.S. 391 (1963)); see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) ("The exhaustion requirement . . . serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."); Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989) (explaining that exhaustion requirement embodies "the federal sovereign's respect for the state courts' capability to adjudicate federal rights"); Mele v. Fitchburg Dist. Court, 850 F.2d 817, 819 (1st Cir. 1988) (noting that exhaustion requirement "ensures that state courts have the first opportunity to correct their own constitutional errors," enables federal courts to accord appropriate respect for state sovereignty, and promotes comity by minimizing friction between federal and state justice systems). An additional benefit of the requirement is that "claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." Rose, 455 U.S. at 519.

In light of these important purposes, a petitioner will not be found to have satisfied the exhaustion requirement unless each and every claim in his petition has been exhausted. See id. at 510, 518-20. This rule is designed to encourage petitioners to exhaust all claims and present the federal court with a single petition, rather than piecemeal litigation. Id. at 520. It also "relieve[s] the district courts of the difficult if not impossible task of deciding when claims are related," and it reduces the risk that they will consider unexhausted claims. Id at 519.

A claim will only be found exhausted if both its factual and legal bases have been presented to state courts. See Nadworny, 872 F.2d at 1096 (stating that state prisoner must present both factual and legal underpinnings of claim to state courts for exhaustion requirement to be found satisfied); see also Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997) (noting that "setting forth the factual underpinnings of a claim is insufficient, in and of itself" as the "petitioner must also elucidate the legal foundation of his federal claim"). Moreover, it is not sufficient for a petitioner to raise his federal the claim merely through a motion in state trial court or even an appeal to an intermediate court. Rather, he must "present, or do his best to present, his federal claim to the state's highest tribunal." Adelson, 131 F.3d at 263; see also Mele, 850 F.2d at 819-20 (stating that it has long been the rule that power of highest state court must be exhausted before federal court will consider questions posed in habeas petition; affirming that "[i]t is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal"; and noting that Massachusetts petitioner was obliged to try to bring his constitutional objections before SJC to preserve them for federal habeas review). Thus, "a habeas petitioner bears a heavy burden" to show that his claims were "fairly and recognizably presented to the state courts." Adelson, 131 F.3d at 262.

The Petitioner here has not met this burden, because he has failed to exhaust several of the claims in his Petition. The Petitioner's direct appeal was limited to the issue of "whether the trial court erred in forcing the Defendant to proceed to trial pro se, assisted by 'stand-by counsel', in the absence of an unequivocal waiver of the right to be represented by counsel, and without an adequate showing that any purported waiver was voluntarily, knowingly and intelligently made." (Pet'r's Br. to App. Ct./SJC at 1.) The instant Petition, however, raises claims concerning, for example, an alleged unconstitutional search and seizure, an alleged violation of the privilege against self-incrimination, and perhaps alleged improprieties arising from his registration as a sex offender. (Pet. ¶ 12.) Thus, the Petitioner cannot be found to have exhausted all of the claims advanced in his Petition.

The Petitioner's failure to exhaust state remedies provides an additional basis for dismissing his Petition See, e.g., Rose, 455 U.S. at 510 (affirming that statutory scheme requires dismissal of petition containing nonexhausted claims); Duckworth, 454 U.S. at 4 ("Because obvious constitutional errors, no less than obscure transgressions, are subject to the requirements of § 2254(b), the Court of Appeals was obligated to dismiss respondent's petition.").

## CONCLUSION

For the foregoing reasons, the Respondent's Motion to Dismiss Petition should be allowed, and the Petition should be dismissed with prejudice in its entirety.

        Respectfully submitted,

        THOMAS F. REILLY
        Attorney General


        /s/ Randall E. Ravitz
        Randall E. Ravitz (BBO # 643381)
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts 02108
        (617) 727-2200, ext. 2852

Dated: December 9, 2005

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served on December 9, 2005, by first class mail, postage prepaid, upon:

Walter D. Johnson, Jr.
Hampden County Sheriff's Department
    and Correctional Center
627 Randall Rd.
Ludlow, MA 01056

pro se

        /s/ Randall E. Ravitz
        Randall E. Ravitz