United States District Court
District Of Massachusetts

Walter D. Johnson, Jr.,
    Petitioner

v.

Michael J. Ashe, Jr.,
    Respondent,

Civil Action No.
05-11569-MAP

Affidavit In Support Of The Petitioner's
Opposition To The Respondent's Motion
For A Brief, Further Enlargement Of
Time Within Which To Respond To Petition

    I am Mr. Walter D. Johnson, Jr., and declare under penalty of perjury I am entitled to a hearing to determine whether my direct appeal was no more than a meaningless error. The United States District Court ruled that the delays of my state court appeal and delay delivery and processing trial transcripts were unjustified.

    In support of this opposition, I answer the respondent inference that that custody pursuant to the judgment lack relevance require my response.

1. The Commonwealth of Massachusetts Sex Offenders Registry Board notice to the Northampton State Trooper Violent Fugitive Apprehension Squad and the UMass Police Department resulted in my arrest based on the notice from The Clerk of the Springfield Superior Court Certified Docket 85-1224, and indictments for sex offense conviction in 1986 of the name Walter Johnson Jr.

2. The Commonwealth of Massachusett Sex Offender Registry Board designated, I Walter D. Johnson, Jr., the Level 3 Sex Offender. The detail Flyer is attached here as exhibit 1, a two page document.

3. The Holyoke Police Department Narrative For Officer Kevin P. Whalen stated that the reporting Holyoke Police Department Officer Matthew F. Moriarty, "stated that he was going to send Ms. Perkins down to the station. Exhibit 2, pg. 1, par. 2.

4. The Holyoke Police Officer Whalen stated, "I obtained a statement from Ms Roberta Perkins in this matter." Exhibit 2, pg. 2, par. 3.

5. Also, the Holyoke Police Officer Whalen stated, "Detective Stuart obtain a statement from Jeremy Darcy who Ms Perkins first reported this incident to." Exhibit 2, pg.2, par.4.

6. In fact, the Holyoke Police Officer Whalen stated, "He (Officer Moriarty) also stated that he was going to attempt to speak with this suspect and possibly make an arrest for kidnapping." Exhibit 2, pg.1, par.2.

7. However, the Holyoke Police Department Arrest Report showed that the Reporting Officer Matthew Moriarty charged me with: Kidnapping, Assault and Battery, and Threat to Commit Crime (Rape). Exhibit 3 pg. 1+2, offenses.

8. Furthermore, the Holyoke Police Department Arrest Report even provided the Approving Officer Daniel Fallon who arrested me on the conviction for sex offenses in 1986. Exhibit 3, pg.1, par.1.

9. Than, the Holyoke Police Officer Whalen stated, "Upon further investigation into this suspect Officer Moriarty informed this Detective that this suspect identified

as Walter Johnson was a level 3 sex offender. Exhibit 2, pg. 4, par. 2.

10. This Level 3 Sex Offender designation and the Approving Officer Daniel Fallon are from that conviction in 1986.

11. Of course, none of the people who gave their statements; Ms Roberta Perkins and Jeremy Darcy of the Sex Offender Registry Board

12. I read, Ms Perkins statement, Exhibit 4, it was discovered that her statement's different in material ways from Mr. Darcy's statement Exhibit 5, and that his statement was different from Officer Moriarty's narrative.

13. The Bar Advocate, Attorney Geri Laventis informed the Holyoke District Court Judge during bail procedure; to the court, Attorney Geri said that I was a level 3 sex offender. She was appointed to me per Commonwealth paid counsel system.

14. I am at the Hampden County Sheriff's Department and

Correctional Center being held on a $10,000.00 dollar bail out of the Holyoke Court and Commonwealth filed a Nolle Prosqui only for the kidnapping and threat to commit a crime (Rape). Exhibit 6

15. I am being held is the segregation unit C-Tower, No. 2, cell # 26, twenty four hours a day locked down after being referred; P.C.A.D. Unit Classification I have been attacked because of this rape conviction and respondents subordinate personnel say inmates don't like that charge and will be out to get me so they can hold me in segregation.

16. The restraint upon my liberty and property has everything to do with the conviction in 1986. The bail, I am being held on based currently on conviction for sex offenders per Sex Offenders Registration. The respondent had never discontinued designation of my name and face, a Level 3 Sex Offender, as a result it's used as a prop because that doesn't remotely look as the reason being - discrimination and harassment as a sex offender, which is also illegal to engage in.

17. I beleive that I would still be entitled to a hearing

to determine whether my direct appeal of my state court conviction was no more than a meaningless ritual even if the Respondent custody pursuant to Level 3 Sex Offender Registration was not used in the Holyoke Police Officer Whalen's narrative that useful to cross-examine during trial and into evidence deny me right to not be compelled in case to be a witness against myself and fair trial.

Wherefore, I oppose the Respondent's contention that I may not be in custody pursuant to the judgment under attack or currently incarcerated related to that conviction. I submit relevant documents attached as exhibits

Respectfully submitted,
By Petitioner
Walter D. Johnson Jr.
Walter D. Johnson, Sr.,
Hampden County Sheriff's
Department and Correctional
Center
629 Randall Rd
Ludlow, MA 01056

Dated: December 9, 2005

Certificate Of Service

I hereby certify that a true copy of the above document was served on December 9, 2005, by institutional mail, postage prepaid, upon:

Randall E. Ravitz
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108

*Walter D. Johnson, Jr.*
Walter D. Johnson, Jr.