United States District Court
District of Massachusetts

Walter D. Johnson, Jr.,
   Petitioner

vs.

Michael J. Ashe, Jr.,
   Respondent

Civil Action
No. 05-11569-MAP

Petitioner's Opposition To Respondent's
Memorandum Of Law And The Motion
To Dismiss Petition

   Petitioner Walter D. Johnson, Jr., the Habeas Corpus Petitioner ("Johnson"), hereby submits this Opposition to Respondent's Memorandum of Law and the Motion to Dismiss Petition. The Petitioner filed this opposition motion from segregation, that the petition for writ of habeas corpus should not be dismissed because Respondent's not creditible since previously he faulted Johnson with nine years delay in bringing his appeal to have conviction affirmed in the Massachusetts Supreme Judicial Court, Johnson's prejudiced by inattention of appellate counsel, and he has unjustified delay at the Massachusetts Supreme Judicial Court

level with respect to his request for a hearing on probable cause to determine whether his direct appeal was no more than a meaningless ritual

## Background

On February 21, 1985, Johnson was picked up for a four day old rape investigation, and was subjected not merely to transportation to the station house as in an arrest but was interrogated and face to face identification procedures alone between him and prosecutor's witnesses in the absence of counsel for his defense. He was charged with the, February 17, 1985, rape offense on February 21 by the Holyoke Police Department Officer Daniel Fallon.

On February 22, 1985, Johnson was arraigned for aggravated rape, date of the offense, the 21st of February, 1985, before Judge Launders, in the Holyoke District Court, where Bar Advocate Nancy O'Connor lead Johnson to believe he was appeared in Holyoke District Court for Officer Fallon's arrest on rape. Johnson was ordered held on $1,000.00 cash, $10,000.00 security at the Hampden County Sheriff's Department and House of Correction.

On March 15, 1985, the Holyoke District Court Docket for aggravated rape offense on February 21, 1985

was incorporated into the Holyoke Police Officer Fallin's original police statements, voluntary statements, and investigation reports for the Hampden County Grand Jury Indictments of the 19th of February 1985.

On April 2, 1985, the Springfield Superior Court docket 85-1224, aggravated rape appeared and Johnson was arraigned in the superior court.

On April 3, 1985, the Holyoke District Court dismissed its aggravated rape prosecution. The Respondent withheld from the Appendix, the police statements; docket entry of the arraignment in the Holyoke District Court; testimony given before Hampden County Grand Jury.

On October 11, 1985, five days before the trial was scheduled to began, Attorney Richard Fontaine withdraw. All the Respondent filings in this case make clear, there does not appear to have been given an actual date that the Committee for Public Counsel Services had replaced Attorney Nancy Caplan with attorney, Richard Fontaine. Attorney Vincent Bongiorni withdrew on February 11, 1986, that forced the reschedule of the trial for April 1986. (Respondent Exhibit V, pg. 10, ls, 14-22)

On February 19, 1986, Johnson filed motion for inspection of tangible evidence, bill of particulars, and for all the statements.

On or about April 17, 1986, Johnson attempted to

introduce inconsistent original police statement, which the Honorable Judge John F. Moriarty and Honorable Prosecutor Jeffrey J. Yelle suppressed his right to cross-examine witnesses against him using. Although members of the jury returned from their deliberations and asked to see the police statements, but the Honorable Judge Moriarty gave instructions that only evidence introduced in the course of the trial they were to consider in their deliberations. Then, the jury returned with a finding of guilty on or about April 22, 1986.

On April 24, 1986, Johnson filed notice of appeal in the Superior Court. He was accredited with 427 days awaiting trial. Also, a motion for appointment of appellate counsel, and an unnamed Attorney 1 was appointed when the Committee for Public Counsel Service was notified. The Attorney 1 was replaced with a different appointed appellate Attorney 2 on August 4, 1986, and on February 16, 1989, appointed appellate Attorney 3 was assigned.

The United States District Judge Mark L. Wolf adopted Magistrate Judge Zachary Karol's Report and Recommendation dated December 8, 1993, issued an order on or about June 29, 1994, that progress be made in moving Johnson's appeal forward and the Committee for Public Counsel Services and Appointed Attorney 4, Thomas G. Murray, Esq., to report to Magistrate Judge Karol the progress for the court.

Given the Committee for Public Counsel Services ("CPCS") and Mr. Thomas G. Murray, Esq., preceded under order of the United States District Judge Mark L. Wolf and Report and Recommedation of the Magistrate Judge Zachary Karol on Johnson's first direct appeal, the extent of motion to reinstate Johnson's appeal in the Appeals Court on November 4, 1994, which the Massachusetts Appeals Court allowed and reinstated the first direct appeal, as well as, reversed the judgment and ordered new trial in the Hampden County Superior Court on November 22, 1995. Mr. Murray and CPCS reported that progress to Magistrate Judge Karol, as a result, the Judge Wolf dismissed Johnson's third habeas corpus petition as moot.

Johnson filed a certification of probable cause to appeal, the United States Court of Appeals for the First Circuit found that he could file a new habeas corpus petition advancing any challenges raised but not resolved by the District Court regarding the order. Indeed, Johnson for further appropriate orders advanced, the ineffective assistance of the appellate counsel, Mr. Murray through inattention to the Commonwealth's Application for Further Appellate Review pursuant to Mass. R. App. P. 27.1 and M.G.L. c. 211A §11, on December 6, 1995, Motion Under Rules

of the Appeals Court 1:28 and Mass. R. App. P. 15 for Summary Disposition and for Leave to Proceed on Memorandum of Law in Lieu of Brief (Respondent Exhibit I, pg. 1; Respondent Exhibit R, pg. 1).

### Argument Against Dismissal Of The Instance Petition

1. Respondent's Argument That Johnson Is Not In Custody Pursuant To The Conviction He Challenges Is Not Credicible Since Previously He Been Faulted With Nine Years Delay In Bringing His Appeal To Have Conviction Affirmed In The Massachusetts Supreme Judicial Court Against Him.

In opposing Respondent's argument, Johnson isn't in custody pursuant to the conviction he challenges, Johnson states that previously the Respondent errored faulting him with counsel nine years delay in bring his appeal, which Magistrate Judge Karol found him not to be responsible for any of the appeal delays from the record. (USDC Docket No. 93-CV-10768-MLW, Johnson v. DiPaolo, C.A. No. 93-10764-WF (D. Mass. filed Dec. 8, 1993) (Karol, M.J.). Id at. 14. He also found that Johnson

appears to have filed motion in the Hampde County Superior Court, the Massachusetts Appeals Court, and the Massachusetts Supreme Judicial Court, as will as, in the United States District Court. Id. He noted that the motions were filed by Johnson himself to the Commonwealth's appellate tribunals. Id. at. 17. Concluding that Johnson had not obtained a full and fair opportunity to litigate in the court of the state system. Id. at. 18.

The Respondent argument, Johnson "delayed nine years in bringing his appeal..." (Respondent Exhibit V pg. 12), is advanced as some evidence that the Respondent's posture all long was to mislead this court. Indeed, in the December 9, 2005, Memorandum of law in support of his Motion to Dismiss Petition. The Respondent faulted Johnson for having filed nothing in response to his application for leave to obtain further appellate review. Id. at. 6. This is even more indication that the Respondent argued "... the defendant delayed nine years in bringing his appeal..." and therefore cannot benefit from that primary illegality.

In fact, Magistrate Judge Karol determined that Johnson had a constitutional right to court appointed attorneys to prosecute his appeal, but that the attorneys behavior violated due process and that he had not been at fault for the attorneys delay. Johnson v. DiPaolo. C.A. No

93-10769-WF, at 13 (D.Mass. filed Dec. 8, 1996)(Karol, M.J.) In fact, Magistrate Judge Karol found Johnson's appellate attorney inaction had not been attributable to him. Id at 19.

The Respondent had argued for dismissal because Johnson's sentence was imposed in 1986 and a docket from his 1998 federal habeas corpus action confirmed that he was released from custody, and another docket confirmed Johnson's confined on a new charge in the Hampden County Sheriff's Department and Correctional Center and, therefore are not persuasive due to the Respondent's application for further appellate review on December 6, 1995 (Respondent Exhibit I, pg.1) preceded them.

Then, in the Massachusetts Supreme Judicial Court, the Respondent argued that the stenographic notes kept for only six years by law were lost of the February 11, 1986 hearing at which the trial judge conducted a colloquy with the defendant and the **defendant waived** his right to counsel.

Here, Magistrate Judge Karol determined that the trial docket with respect to assembly of the trial transcript entered on April 24, 1986, Johnson v DiPaolo C.A. No. 93-10769-WF, at 4 (D. Mass. filed Dec. 8, 1993)(Karol, M.J.) Johnson's motion for the trial transcript

was granted and the stengraphers were notified at that time. Id. He filed another motion for the free trial transcript in the Hampden County Superior Court on June 9, 1987, but no action was taken on his motion. Id. Even, the trial transcript was not certified as prepared for delivery until February 17, 1989. Id. Thus, the notice of assembly of the record on appeal was issued on February 28, 1989. Id.

Here, the time between the transcript being certified as ready for delivery on February 17, 1989, and the time of the Respondent application for further appellate review on December 6, 1995, was less than six years. Respondent is therefore not entitled to an opportunity to rely on prior falseness to pursue the dismissal of the Petition. Indeed, the Respondent creditablity suffer because he does not show Johnson delayed nine years in bringing his appeal, that the stenographic notes were lost because they were kept for six years as required by law. Neither that the trial judge conducted a colloquy with Johnson nor that he waived his right to counsel.

But, for appellate attorney, Mr. Murray inactivity, Johnson could have argued that the Appeals Court did not error that the colloquy between the trial judge and him regarding waiver of counsel, conducted on the day of trial does not show an unequivocal waiver by him. (Respondent Exhibit V pg. 12).

The Respondent concluded with argument Johnson's not in custody pursuant to the conviction he challenges by establishing he has a duty to register as a sex offender without a full and fair hearing in the state. Id. The prejudice to Johnson by the Respondent withholding the identification statements taken by Officer Janet Plant suggesting to Roxanne Marie Thomas that Officer Daniel Fallon and she had Walter Johnson down at the station and, as a result of the phone call that Officer Plant asked Ms Thomas if she could come down and verify the identity of him as the person who raped her, which violated his right to counsel at identification procedures. Thus, the registration of Johnson as a sex offender, based on the suggestion to identify him for offense of sexual natural based on his name alone.

2. Respondent's Argument That Johnson Should Be Found Time-Barred Prejudice Him For Inattention Of Appellate Counsel Violative Of Due Process.

In opposing Respondent's argument, Johnson should be found not to have filed habeas corpus within the time limitation to challenge his

state court conviction, Johnson states that appointed counsel, Mr. Murray and Commonwealth conspiracy to retaliate against him for Magistrate Judge Karol report that findings of facts had been based upon the materials submitted by the parties, undisputed. Johnson v. DiPaolo, C.A. No. 93-10764-WF, at 3 (D. Mass. filed Dec. 8, 1993) (Karol, M.J.). Particularly, Magistrate Judge Karol found Respondent submit two letters and an affidavit, which did not call into question Johnson failed to cooperate or voluntarily waived his appeal with his three court-appointed appellate attorneys. Id. at 20.

The appointed appellate attorney, Mr. Murray even made Massachusetts courts move Johnson's first direct appeal in order that the Commonwealth could go before ~~the Massachusetts~~ Supreme Judicial Court and state that summary disposition of Johnson's appeal will adequately protect his rights (Respondent Exhibit R, pg. 1). In the Respondent's Memorandum of Law In Support of his Motion to Dismiss Petition dated December 9, 2005, the Respondent conformed their Supreme Judical Court affirmance of the conviction, expiration of the ninety days afforded to seek certiorari with the United States Supreme Court, and the one-year time limitation for the filing of the habeas corpus petitions challenging

state court conviction.

Respondent even conspired to retaliate against Johnson for Magistrate Judge Karol's report that the Supreme Judicial Court referred Johnson's pro se petition as a Rule 30 motion to the Hampden County Superior Court. Johnson v. DiPaolo, C.A. No. 93-10769-WF, at 18 (D. Mass. filed Dec. 8, 1993) (Karol, M.J.). Specially, Magistrate Judge Karol determined that the district court in 1990 denied Johnson's habeas corpus petition for failure to exhaust state remedies, as a result of the pro se petition being under consideration at the Hampden County Superior Court. Since, the superior court denied Johnson's Rule 30 motion Id. at 18. The Respondent conformed Johnson retained the state court remedy to bring any arguments that a motion for release from unlawful restraint pursuant to Massachusetts Rule of Criminal Procedure 30(a) ~~could be advanced to the appellate~~ courts because it was filed on June 9, 1987 preceding Magistrate Judge Karol's report.

Respondent also argued that the magistrate judge report should be considered having been waived by Johnson. Thus, his petition could be found time barred and dismissed without it ever being discovered that Mr. Murray and the Commonwealth

conspired to prevent Johnson from filing anything at all with the Massachusetts Supreme Judicial Court or that Magistrate Judge Karol found no evidence that Johnson waived, impeded, or failed to cooperate in the prosecution of his appeal. Id. id. 1b.

3. Respondent Argument That Johnson Failed To Satify The Statutory Requirement That He Exhaust State Remedies Prior To Filing His Petition Is Barred From Delay At The Massachusetts Supreme Judicial Court Level.

In opposing Respondent's argument, Johnson barred from pursuing habeas corpus petitions because he failed to exhaust state remedies, Johnson states the time between Commonwealth Application for Further Appellate Review on December 6, 1998, (Respondent Exhibit T), contains the only dated document at the supreme court level. Memorandum In Support of Commonwealth's Application for Further Appellate Review, does not appear dated. (Respondent Exhibit U). On Appeal From A Judgement of the Hampden County Superior Court with Supplemental Brief and Appendix for the Commonwealth does not appear dated. (Respondent

Exhibit V). Not even, the Motion Under Rules of the Appeals Court 1:28 and Mass. R. App. R. 15 for Summary Disposition and for Leave to Proceed on Memorandum of Law in Lieu of Brief, contain no date of the activity. (Respondent Exhibit R). And, the Commonwealth's Memorandum of Law In Support of its Motion for Summary Disposition contains no date of the process. (Respondent Exhibit S). The docket in connection with Commonwealth v. Walter Johnson, Case No. FAR-08214 in the Supreme Judicial Court, section involving the parties shows 1 extension of 366 days. (Respondent Exhibit D), if anything, happened with respect to Johnson's appointed appellate attorney, Mr. Murray failed timely to file the required document in response with the Massachusetts Supreme Judicial Court. Thus, the docket contains no evidence that Mr. Murray needed an extension of 366 days at all with the Massachusetts Supreme Judicial Court.

Where Johnson's not responsible for the delay, but the source of the delay is Mr. Murray, failure of court-appointed counsel... are attributable to the Commonwealth. Harris v. Champion, 938 F.2d at 1065; Coe v. Thurman, 922 F.2d 528, 531 (9th Cir. 1990); cf. Barker v. Wingo, 407 U.S. 514, 531, 92 S.Ct. 2182, 2192 (1972). Hence, Mr. Murray has not only extended the

process at the supreme court level, he had been responsible for the success at the Massachusetts Appeals Court level dying, because once the extension of time was filed on the Massachusetts Supreme Judicial Court docket, the record is barren of any activity by Mr. Murray to have reversal of Johnson's conviction sustained or to initiate any legal activity on Johnson's behalf.

The failure of court appointed appellate attorney, Mr. Murray was part of a conspiracy to retaliate against Johnson for Magistrate Judge Karol's report that the Respondent evident offered by CPCS and Commonwealth shed no light on why appellate attorney, Richard T. Brown Esq., failed timely to file the required brief with the Massachusetts Appeal Court. Johnson v. DiPaolo, C.A. No. 93-10769-WF, at.16 (D.Mass. filed Dec. 8, 1993) (Karol, M.J.).

In light of these important facts, Respondent claim Johnson failed to exhaust state remedies should be barred. The grant of a hearing on probable cause to determine whether his first direct appeal was no more than a meaningless ritual should go forward. The habeas corpus petition will adequately protect the right of the petitioner and best serve the administration of justice, rather than sustain injustice.

## Conclusion

For the foregoing facts, the Respondent's Memorandum of Law In Support of His Motion To Dismiss Johnson's Petition should be denied, and the Respondent should be ordered produce police statements, grand jury testimony, which establish further evidence of the prejudice done petitioner.

Respectfully submitted,
By Petitioner
Walter D. Johnson, Jr.,

*Walter D. Johnson, Jr.*
Hampden County Sheriff's Department and Correctional Center
629 Randall Road
Ludlow, MA 01056

Dated: December 21, 2005.

## Certification of Service

I hereby certify that a true copy of the above document was served on December 21, 2005, by institutional mail, upon: Randall E. Ravitz, Assistant Attorney General, Criminal Bureau, One Ashburton Place, Boston, MA 02108

*Walter D. Johnson, Jr.,*
Walter D. Johnson, Jr.,