UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WALTER D. JOHNSON, JR.,         )
             Petitioner    )
                          )
                          )
    v.              )   Civil Action No. 05-11569-MAP
                          )
                          )
MICHAEL J. ASHE, JR.,           )
             Respondent  )

REPORT AND RECOMMENDATION WITH REGARD TO
RESPONDENT'S MOTION TO DISMISS (Document No. 13)
February 22, 2006

NEIMAN, C.M.J.

    Walter Johnson ("Petitioner"), a state pretrial detainee with a long conviction record, is currently being held on charges of kidnapping, assault and battery, and threat to commit a crime. Petitioner purports to seek *habeas corpus* relief pursuant to 28 U.S.C. § 2254 for an earlier conviction which originated approximately two decades ago. Petitioner has directed his petition at the officer in charge of the facility where he is currently being housed ("Respondent").

    Respondent has moved to dismiss the petition, arguing, among other grounds, that Petitioner is not currently "in custody" for the judgment attacked. Respondent's motion has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). As detailed below, the court finds Respondent's arguments persuasive and will recommend that his motion to dismiss be allowed.

I. BACKGROUND

The petition presents a lengthy procedural history, stemming from Petitioner's arraignment in 1985 on charges of intimidation, rape, and assault and battery. (See Petition at 2.) The court presents a portion of this history here to provide a framework for Petitioner's current situation.

At his jury trial in April of 1986 in the Massachusetts Superior Court, Petitioner proceeded *pro se*. He was found guilty of the following crimes: threat to do bodily harm; intimidation; assault with intent to commit rape; aggravated rape; non-aggravated rape; assault and battery; and two counts of indecent assault and battery on an adult. He was given three sentences of seven to fifteen years, to be served concurrently. (Respondent's Appendix ("R.A."), Exhibit A.)

In 1987, Petitioner, then represented by counsel, filed a motion for a new trial with the Superior Court, which motion was denied on January 3, 1989. On August 8, 1989, the Massachusetts Appeals Court dismissed Petitioner's appeal for want of prosecution. Meanwhile, in a *pro se* submission dated January 18, 1989, Petitioner asked the Massachusetts Supreme Judicial Court ("SJC") to address delays in his appeal and alleged ineffective assistance by his appellate counsel. The SJC remanded Petitioner's motion to the Superior Court where it was dismissed on March 18, 1991. (R.A., Exhibits B and L at 6.)

At around the same time, in 1989 and 1990, Petitioner filed two federal *habeas* petitions. These were consolidated and dismissed on February 25, 1991, for Plaintiff's failure to exhaust his state remedies. (R.A., Exhibit L at 7.)

In 1993, Plaintiff filed a third federal *habeas* petition. On December 8, 1993,

Magistrate Judge Zachary R. Karol found Petitioner had again failed to exhaust his state remedies, but that the particular failure was due to inordinate delays caused by ineffective assistance of counsel. Magistrate Judge Karol recommended that Petitioner be excepted from the exhaustion requirement and provided with appellate counsel immediately. District Judge Mark L. Wolf adopted Magistrate Judge Karol's recommendations on June 29, 1994. (R.A., Exhibit M.)

Subsequently, Petitioner was appointed an attorney from the Massachusetts Committee for Public Counsel Services. On November 4, 1994, with the aid of that attorney, Petitioner filed a motion in the Massachusetts Appeals Court to reinstate his appeal. The motion was granted on November 10, 1994. On September 14, 1995, Judge Wolf dismissed Petitioner's third *habeas* petition as moot. On September 30, 1996, the dismissal was affirmed by the First Circuit. (See R.A., Exhibit F.)

In the interim, on November 22, 1995, the original judgment against Petitioner was reversed by the Massachusetts Appeals Court. *See Commonwealth v. Johnson*, 657 N.E.2d 246 (Mass. App. 1995) (unpublished). On March 4, 1997, however, the SJC reinstated Petitioner's convictions. *See Commonwealth v. Johnson*, 676 N.E.2d 1123 (Mass. 1997). (R.A., Exhibit K.)

In May of 1998, Petitioner filed a fourth federal *habeas* petition. The petition was dismissed by District Judge Joseph L. Tauro on March 23, 1999 -- upon recommendation by Magistrate Judge Marianne B. Bowler -- because Petitioner had again failed to exhaust his state remedies. Petitioner had already been released from incarceration at the time of Judge Tauro's decision. (See R.A, Exhibits N and O.)

Petitioner alleges that, upon release, he was "forc[ed] . . . to register as a sex offender." (Petition at 2.)

On July 3, 2005, Petitioner was arrested on new charges of kidnapping, assault and battery, and threat to commit a crime. He is currently being held pretrial at the Hampden County Correctional Center. He filed the instant *habeas* petition on July 25, 2005. As before, Petitioner continues to challenge his 1986 convictions. The petition's four grounds, in sum, request *habeas* relief to "determine whether [Petitioner's original] direct appeal was no more than a meaningless ritual." (Petition at 5.)

## II. DISCUSSION

Respondent argues that three reasons warrant dismissal of the instant petition: (1) Petitioner is not "in custody" for the judgment attacked; (2) he has not exhausted his state remedies; and (3) the petition is time-barred. The court finds Respondent's first argument dispositive and, accordingly, will recommend that the motion to dismiss be allowed on that basis. The court, however, also finds merit in Respondent's other two arguments and offers them as alternative bases for dismissal.

A. "In Custody"

A federal court may grant "an application for a writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, section 2254 requires that a petitioner show that he is "in custody pursuant to the judgment of a State court" before he may proceed any further. *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001). A petitioner

4

is considered "in custody" if he is confined "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

As described, however, Petitioner continues to attack here the 1986 conviction. The state court record shows that Petitioner served his period of confinement for that conviction and was released therefrom as late as March of 1999. The record also shows that Petitioner is currently being held on *new* charges stemming from incidents which allegedly occurred on July 3, 2005. Since Petitioner is attacking a judgment for which his confinement has been fully served, he does not meet section 2254's "in custody" requirement. *See Maleng*, 490 U.S. at 491 ("We have never held . . . that a *habeas* petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.").

The fact that Petitioner *may* have had to register as a sex offender upon his release from prison does not change this result. To be sure, the Supreme Court has liberally construed the "in custody" language such that a petitioner need not necessarily be physically confined. *See id.* at 491-92; *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 300-01 (1984); *Hensley v. Municipal Court*, 411 U.S. 345, 348-50 (1973). *See also Jones v. Cunningham*, 371 U.S. 236, (1963) (prisoner released on parole from unexpired sentence met the "in custody" requirement due to the nature of conditions placed on his release). As noted by Respondent, however, the few circuit courts to have addressed the issue have held that compulsory registration as a sex offender is a collateral consequence of conviction that does not meet the "in custody" requirement for *habeas* relief. *See, e.g.*, *Resendiz v. Kovensky*, 416 F.3d 952, 959 (9th Cir.), *cert.*

*denied*, 126 S.Ct. 757 (2005); *Leslie v. Randle*, 296 F.3d 518, 521-22 (6th Cir. 2002).

This court need not address these particular decisions for at least two reasons. First, Petitioner has shown no link between his sex offender registration and his current incarceration. Second, and perhaps more to the point, it is amply clear -- from even the most cursory reading of the petition's four grounds -- that Petitioner is concerned with his *original* conviction and appeal, not his *subsequent* registration as a sex offender.[1]

At bottom, Petitioner is seeking *habeas* relief for a period of confinement that has been fully served. Since, for all the reasons stated, he is barred from doing that, the court will recommend that Respondent's motion to dismiss be allowed.

B. Exhaustion of State Remedies and Timeliness

Assuming *arguendo* that the petition properly challenges Petitioner's original confinement, dismissal is also warranted by Respondent's two alternative arguments:

---

[1] (See, *e.g.*, Petition at 5-6: Ground One ("The petitioner seeks an evidentiary hearing to determine whether his direct appeal was no more than a meaningless ritual because the inordinate and [un]justified delays in the appellate court violated the petitioner's due process right, denial of ineffective assistance of counsel."); Ground Two ("The petitioner seeks an evidentiary hearing to determine whether his direct appeal was no more than a meaningless ritual because the inordinate and unjustified delays of the trial transcript and direct appeal over nine year [sic] resulted in denial of his right to the effective assistance of counsel."); Ground Three ("Inordinate and unjustified delays in appellate process over nine years processing and delivery of the trial transcripts and direct appeal spurred the petitioner to seek hearing to determine whether his direct appeal was no more than a meaningless ritual because the conviction [was] obtained by use of evidence gained pursuant to unconstitutional search and seizure and unlawful arrest."); and Ground Four ("Inordinate and unjustible [sic] delays in appellate process over nine years processing and delivery of the trial transcripts and direct appeal demands petitioner seek hearing to determine whether his direct appeal was no more than a meaningless ritual because of denial of right [to] the effective assistance of counsel, privilege against self-incrimination, and unconstitutional search and seizure.").)

that Petitioner has failed to exhaust his state remedies and that the *habea*s statute's one-year limitation period bars the action.  As noted by the Supreme Court, restrictions such as the exhaustion and limitation requirements relate "to the need for finality of convictions and ease of administration."  *Lackawanna County*, 532 U.S. at 402.

First, the petition is unexhausted.  As indicated *supra* at n.1, the petition raises claims of unconstitutional search and seizure, ineffective assistance of counsel and violation of the privilege against self-incrimination.  It appears, however, that Petitioner's state appeal concerned only the issue of whether there was any abuse of discretion in allowing him to proceed with his original trial *pro se*.  *See Johnson*, 676 N.E.2d 1123.  As Petitioner has not presented all of the claims listed in his petition to the state courts, they may not be considered in this *habeas* proceeding.  *See* 28 U.S.C. § 2254(b)(1)(A) (*habeas* petition typically "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"); *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (federal *habeas* court may not consider "mixed" petition containing both exhausted and unexhausted claims).

Second, the petition is barred by the statute's one-year limitation period.  *See* 28 U.S.C. § 2244(d)(1)(A) (establishing, effective April 24, 1996, a one-year limitation period for section 2254 petitions which normally runs from "the date on which the judgment became final by the conclusion of direct review").  Petitioner's original convictions became final when they were affirmed by the SJC on March 4, 1997.  *See Johnson*, 676 N.E.2d 1123.  The instant petition was obviously filed well beyond the one-year limitation period.  For these further reasons, therefore, the court will

7

recommend that Respondent's motion to dismiss the petition be allowed.

### III. CONCLUSION

For the reasons stated, the court recommends that Respondent's motion to dismiss be ALLOWED.[2]


DATED: February 22, 2006

                                        /s/ Kenneth P. Neiman
                                        KENNETH P. NEIMAN
                                        Chief Magistrate Judge

---

[2] The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  See *Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  See also *Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.