United States District Court
District of Massachusetts

Walter D. Johnson, Jr.,
Petitioner.

vs.

Michael J. Ashe
Respondent.

Civil Action No.
No. 05 – 1169-MAP

05 cv11569-MAP

## NOTICE OF CHANGE OF ADDRESS

Now comes the petitioner in the above-entitled matter and respectfully inform this Honorable Court of his change of address to the Interfaith Cot Shelter, 43 Center Street, Northampton, MA 01060 for the following reasons:

1) In a December 8, 1993, Report and Recommendation United States Magistrate Judge Zachary R. Karol who did not know the petitioner had not been represented at the time of his trial by counsel made a determined that inordinate delay in the petitioner's direct appeal was due to ineffectiveness of the petitioner's state-appointed counsel, which had prevented him from pursing his direct appeal, and the Commonwealth maintained that the Committed for Public Counsel Service ("CPCS") did not appoint the appellate attorney Richard Brown. Thus, Magistrate Judge Karol recommended that the CPCS appoint an appellate attorney to get the direct appeal back on track.

2) The United States District Judge Mark L. Wolf adaptation of the Magistrate Judge Karol Report and Recommendation with orders that the CPCS appointed attorney process the petitioner appeal through courts.

1

3) The CPCS appointed attorney the United States District Court ordered to get the petitioner's direct appeal from his state court conviction back on track failed to acknowledge that the petitioner was arraigned on April 2, 1986, in the Springfield Superior Court and was represented by the CPCS Attorney Nancy Caplan who filed an appearance and should be the counsel that represented the petitioner at trial as a matter of the Superior Court Rules. Also, the CPCS appointed attorney failed to point out that the Attorney Richard Fontaine, on October 11, 1985, without filing a motion of appearance filed a motion to withdraw the petitioner's right to be represented by counsel in criminal prosecution in violation of the Superior Court Rules. The Superior Court wrongful allowed the waiver of counsel and delayed appointment of counsel until the original trial date without the explanation why Attorney Fontaine failed to file motion of appearance that he would be representing the petitioner at trial simultaneously with any motion to withdrawal appearance of Attorney Caplan who was representing the petitioner at the time of his arraignment in the Superior Court. To add insult to injury, on October 16, 1985, the Superior Court appointed, the Attorney Vincent Bongiorni who withdrew on February 11, 1985.

4) Although the Massachusetts Appeals Court made a determination that the petitioner waived his right to counsel in criminal prosecution prior to the morning of trial and ordered reversal of the petitioner's conviction and ordered a new trial, it also decided that the petitioner waived his right to counsel in the criminal prosecution prior to the morning of the trial.

5) The Commonwealth sought further review in the Supreme Judicial Court of Massachusetts ("SJC"), where it claimed that the CPCS appointed the appellate attorney Richard Brown and contributed petitioner with nine years delay in bring his direct appeal of his conviction. It utilized the Massachusetts Appeals Court determination that the petitioner waived his right to counsel prior to the morning of April 17, 1986, and hearing in the Springfield Superior Court, on February 12, 1985, where the trial judge asked the petitioner has he given some thought to what they discussed yesterday about counsel and when the petitioner responded "I will take an adviser," the articulate and clever trial judge stated "You want to try your own case? You bear in mind what I told you. I don't think it wise."

6) The SJC erred in the record that the Superior Court allowed the petitioner, on July 12, 1985, motion for waiver of counsel, and motion to dismiss counsel on September 27, 1985 concurrently with a motion to withdraw counsel. It also resulted in a miscarriage of justice for the affirmed judgment of conviction because the SCJ referred to the petitioner filed three motions: first for all the statements in the possession of the police and prosecutor; second for bills of particulars; third for inspection of the Commonwealth's tangible evidence on February 19, 1986, but none were allowed by the Superior Court.

7) The CPCS appellate attorney failed to file anything in the SJC, except continuance. Thus, the petitioner was not merely subjected to the delays at the appeal court level with the United States District Court found as a result of his third petition, but he was CPCS appellate attorney delayed filing anything resembling a brief at the state supreme court level, particularly that the petitioner

3

Attorneys Caplan, Fontaine, and Bongiorni withheld from the petitioner exculpatory statements and prosecutor and trial judge kept those statements out of the petitioner's criminal trial through appointment of the stand by counsel, David Hoose, on February 12, 1986, which coerced the petitioner to file pro se motions in violation of his Fifth and Sixth Amendments to the United States Constitution of America.

8) Thus, Sex Offenders Board of Massachusetts ("Board") issued notice to arrest the petitioner to the violent fugitive apprehension squad of the Northampton State Troopers Barracks who arrested him at his dormitory room on the campus of the University of Massachusetts at Amherst. He also was registered as a sex resulting in his housing no longer being unavailable and the Board issued a notice to the UMASS Police to arrest him for failure to provide a change of address after his class in the University of Massachusetts School of Education, where he was a graduate student. He was featured in negative sex offender newspaper stories and required to register every three months as a homeless citizen.

9) He gained Supplemental Social Security Benefits and was able to work part time employment to live in the Budget Inn. But, the Board designation of him as a level 3 sex offender kept his face and name in the daily newspaper, which resulted in July 3, 2005, the 1986 appearance for the Commonwealth: Prosecutor Jeffrey J. Yelle's Lead Investigator Officer Daniel Fallon of the Holyoke Police Department who supervised three uniform policemen of the police headquarters invasion upon the petitioner's privacy with their guns drawn but he was in front of his bathroom mirror doing his hair and had they shot him the bullet wounds would have been

underneath his arm, which would have disclosed to investigators that his hands were up at the Budget Inn, 579 Northampton Street, Holyoke, Massachusetts, where they entered his apartment. His was reincarceration on arrest report that charged him with the commission of kidnapping, assault and battery, and threat to commit a crime (rape) and a time for it done at 4:25 p.m. The Holyoke Police Department ordered him held on $10, 000.00 cash and $100,000.00 surety at the Hampden Country Sheriff's Department and Correctional Center, on July 5, 2005. The charges of kidnapping and threat to commit a crime (rape) were nolle prosequi, on August 5, 2005. None of those policemen testified at the petitioner's criminal trial in the Holyoke District Court and testimony contrasted their time offenses were to occur. A jury subsequently found him not guilty of the assault and battery and there was no evidence.

10) On February 28, 2005, at approximately 9:00 a.m., the petitioner returned to the Budget Inn, 579 Northampton Street, Holyoke, and the female manager who he paid $196.00, on July 1, 2005, refused to rent an apartment to him. Also stating that the police took all of his stuff out of the apartment and that it was rented to somebody else.

Therefore, the petitioner presents his notice of change of address to this Honorable Court to protect his right to pursue life, liberty, and property.

Respectfully submitted,
Walter D. Johnson, Jr.,
The Petitioner

Walter D. Johnson, Jr.,

5

Interfaith Cot Shelter
43 Center Street, Suite 104
Northampton, MA 01060
(413) 586-6750

Dated: March 1, 1006.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on March 1, 2006, by U.S. Mail, upon:

Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2852

*Walter D. Johnson*
Walter D. Johnson, Jr.,